Allen, J.
delivered the opinion of the court.
This is a supersedeas to a judgment rendered upon notice, against the sureties of John Guinn, late sheriff of Fayette county, in his official bond. It appears from the bill of exceptions, that Guinn qualified as sheriff on the 13th of March 1845, and remained in office until the end of the year, when he was succeeded by another sheriff. That at the time of Guinn’s qualification, William Tyree and Thomas A. Lewis qualified as his deputies, and continued as such r That during the year a fi. fa. in favor of the defendant in error against Dickenson and William Tyree came to the hands of the deputy, Thomas A. Lewis, who made a return of “ levied, and not sold for want of bidders and that on the 5th of August 1847, there was issued a writ of venditioni exponas, made returnable on the 1st Monday of November following, and directed to Guinn, *66 late sheriff, upon which William Tyree, the deputy, made a return in the following words : “ Received of H. M. Dickenson the sum of 500 dollars on the within execution, which, after deducting sheriff’s commissions, gives a credit of 472 dollars 50 cents, 16th June 1846, which is all that I have made.”
The duty of the sheriff who has levied an execution, to go on and complete it, and the authority of the deputy to act after the expiration of the sheriff’s term of office, were considered in the case of Tyree against Wilson. In this case it is objected that the levy on the fi. fa. was made by one deputy, and another deputy returned on the venditioni exponas, the receipt of the money.
This I think does not affect the rights of the plaintiff in the execution. He has no control over the appointment of deputies, or the distribution of the business amongst them. The law knows but one sheriff of the county; and it is his business to see that process directed to him is executed by the proper officer. There is nothing to show that the plaintiff in the execution intermeddled in any way with the arrangements or proceedings of the sheriff.
It is further objected, that the deputy Tyree was a defendant in the execution. The bill of exceptions does not show any such proofs. But if the fact were so, it could not impair the plaintiff’s rights, nor would it lay in the mouth of the sheriff to say he had permitted a deputy who was interested to interfere with the execution.
It is moreover alleged,,that it appears by the return on the venditioni exponas, that the money was received before the date of the writ. The sheriff was authorized to sell by virtue of the levy under the fi. fa., and as a consequence to receive the money. The venditioni exponas gives him no new authority. If prior to the issuing of the venditioni exponas he sold the property or received the money, it was his duty to return the *67 truth of the case on the venditioni exponas, so as to give the plaintiff in the execution the benefit of the return.
It is assigned as error, that there is no evidence of a demand. The objection does not seem to have been made in the court below, nor does it appear that the plaintiff in the execution resided without the county. If he resided within the county, it was the duty of the sheriff to seek him out and pay the money, or have it in court on the return day of the writ.
In entering the judgment, damages are given for 15 per centum per annum from the 16th of November 1843 until paid, a period long anterior to the payment of the money, and before any execution issued. This is clearly a clerical mistake. The writ of venditioni ex-ponas is correctly described in the notice, and damages from the return day thereof claimed. The original debt bore interest from the year 1843, and that date was inadvertently inserted in the order. The plaintiff in the execution proceeds upon the return, and is by law entitled to the damages from the return of the execution only. But the mistake in the date is one which we think could have been amended by the court below in term, or by the judge in vacation, upon motion. The execution is set out in the notice and made part of the record by the bill of exceptions. There is, therefore, a paper whereby the judgment may be safely amended, according to the Code 681, § 5. Anri as the amendment has not been made, though it ought to be, this court, by the 6th section, may now make it and affirm the judgment, if there be no other error.
The statute gives fifteen per cent, per annum interest against a sheriff for failing to pay over money. The law upon the subject of appeals gives six per cent, in lieu of interest. The court will consider this last statute as not controlling or applying to the first.
Judgment amended and affirmed.